37 F.3d 1500
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Milo TOWNS, Defendant-Appellant.
 No. 93-2471.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1994.
 
 Before: KENNEDY, WELLFORD and NELSON, Circuit Judges.
 
 ORDER
 
 1
 Anthony Milo Towns appeals his judgment of conviction entered on his plea of guilty to one count of using or possessing a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1) and 21 U.S.C. Sec. 841(a)(1). The district court sentenced Towns to sixty months of imprisonment, three years of supervised release, and imposed a $50 special assessment. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In this timely appeal, Towns's counsel has filed a motion to withdraw his representation and a brief in compliance with Anders v. California, 386 U.S. 738 (1967). Towns has not responded to his counsel's motion to withdraw.
 
 
 3
 Upon review, we conclude that, as Towns did not enter into a conditional guilty plea pursuant to Fed.R.Crim.P. 11(a)(2), his guilty plea waives his right to challenge his conviction, including the denial of his motion to suppress. See Tollett v. Henderson, 411 U.S. 258, 261-67 (1973). We conclude that the district court properly denied the motion to suppress in any event. As the police officers had probable cause to believe a traffic violation had been committed, the initial stop of Towns's vehicle was not pretextual. See United States v. Ferguson, 8 F.3d 385, 391 (6th Cir.1993) (en banc), petition for cert. filed (Mar. 24, 1994). Further, the district court did not commit clear error in determining that the police properly obtained Towns's and his mother's consent prior to searching his room. See United States v. Taylor, 956 F.2d 572, 576 (6th Cir.) (en banc), cert. denied, 113 S.Ct. 404 (1992). Lastly, we have examined the record in this case, including the transcripts of Towns's plea and sentencing, and conclude that no reversible error is apparent from the record.
 
 
 4
 Accordingly, we grant counsel's motion to withdraw and affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.